# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER NELSON** | ) |
| **Plaintiff,** | ) |
| | ) **Case No.:** |
| **vs.** | ) |
| | ) |
| **DEPUTY STANLEY WILSON,** | ) |
| **individually,** | ) |
| **DEPUTY ELLER,** | ) |
| **individually,** | ) **JURY TRIAL DEMANDED** |
| **Defendants.** | ) |

## COMPLAINT

PLAINTIFF brings this complaint for damages against DEFENDANTs and alleges as follows:

## JURISDICTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and arising under law and statutes and accordingly, the jurisdiction of this Court is invoked under 28 U.S.C. § 1343(a)(3). Attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## PARTIES

2. At all material times, Plaintiff Christopher Nelson ("Mr. Nelson") was, and still is, a citizen of Chambers County, Alabama and over the age of 19.

3. At all material times, Deputy Stanley Wilson ("Deputy Wilson") was a police officer employed by the Lee County Sheriff's Department and acting within the course and scope of his employment as a police officer and under the color of state law. He is sued in his individual capacity.

4. At all material times, Deputy Eller was a police officer employed by the Lee County Sheriff's Department and acting within the course and scope of his employment as a police officer and under the color of law. He is sued in his individual capacity.

5. At all times material hereto, the acts, omission, practices and other conduct of each Defendant were committed under color of state or local law.

6. At all times material hereto, the acts and omissions of the Defendants were committed by agents, employees, and actors of the Lee County Sheriff's Department and within the course and scope of their employment as police officers.

## FACTS OF THE CASE

7. The facts alleged herein are asserted upon the information and belief of Mr. Nelson. The incident that forms the basis of this lawsuit was a chaotic confrontation involving at least two police officers from Lee County Sheriff's

2

Office that left Mr. Nelson with severe canine bite injuries to his right hip, right thigh, right shin, right calf, right foot, and his right foot was also broken by the canine. Due to the chaos of the encounter and the subsequent physical and emotional damage he suffered, Mr. Nelson is unable to name all of the officers involved. Deputy Wilson and Deputy Eller were, upon information and belief, wearing body cams that captured the details of this encounter. Upon receipt and review of the body cam footage of Deputy Wilson and Deputy Eller, Mr. Nelson will seek leave to amend this Complaint.

8. On or about June 21, 2024, Mr. Nelson was asleep inside of a small unfinished structure owned by his family on his family's property.

9. Mr. Nelson had an outstanding warrant for his arrest.

10. Mr. Nelson was awakened by police officers from Lee County Sheriff's Department calling his name from outside of the structure in which he was sleeping.

11. Mr. Nelson walked to the doorway of the room in which he was sleeping, and he saw several officers standing in the doorway of the front door which he had left open.

12. Mr. Nelson was not armed.

13. Mr. Nelson was not wearing a shirt, shoes, or socks. The only clothing that Mr. Nelson had on at the time that he came into view of the officers was a pair of shorts.

14. One of the officers commanded Mr. Nelson to turn around, put his hands behind his back, and lie down on the floor.

15. Mr. Nelson complied with the officer's command.

16. Mr. Nelson then heard Deputy Wilson speak a word that he did not recognize as English, and the canine began to attack him leaving the aforementioned injuries to his body from his right hip, down his entire right leg, and his right foot.

17. Deputy Wilson released the police dog on Mr. Nelson without justifiable cause and without giving any warning that he intended to release the dog upon Mr. Nelson.

18. The police dog attacked Mr. Nelson, biting him repeatedly from his right hip, down the entirety of his right leg, his bare right foot, and the canine bit Mr. Nelson's right foot so severally that Mr. Nelson's foot was broken from the brute force of the canine's bite.

19. After the attack, paramedics were called to the scene of the incident. The paramedics advised the officers that Mr. Nelson needed to be taken to a

hospital to treat his injuries. The officers did not allow the paramedics to transport Mr. Nelson to the hospital nor did they take him to the hospital.

20. Mr. Nelson suffered and continues to suffer from extreme pain, both emotionally and physically.

## COUNT I
## 42 U.S.C. § 1983
### EXCESSIVE FORCE COUNT AGAINST DEPUTY WILSON

21. Paragraphs 1 – 20 of this Complaint are incorporated as if fully restated herein.

22. The release of a police dog with the knowledge or intent that the dog will attack a citizen is a use of force subject to the limitations and constraints of the Fourth and Fourteenth Amendments to the U.S. Constitution.

23. Under clearly established law, the use of force by Deputy Wilson in the manner and in the circumstances of this police dog attack was an excessive, unwarranted, unlawful use of force in violation of the Fourth and Fourteenth Amendments, to wit:

a. the unrestrained and uncontrolled release of the police dog with knowledge he would attack Mr. Nelson;

b. Mr. Nelson was not fleeing from, nor threatening any police officer or other persons;

    c. Neither Deputy Wilson nor any other officer at the scene had any knowledge or reliable information that Mr. Nelson was armed with any weapon(s);

    d. Neither Deputy Wilson nor any other officer at the scene had knowledge or reliable information that Mr. Nelson was committing or had committed any violent or serious crime;

    e. Neither Deputy Wilson nor any other officer at the scene had knowledge or reliable information that Mr. Nelson posed any immediate threat to the safety of the officers or others;

    f. Deputy Wilson had knowledge that the police dog would continue to attack, maul, lacerate, and violently injure Mr. Nelson until the dog was restrained;

    g. Deputy Wilson intentionally and/or willfully delayed in restraining or disengaging the dog from continuing to attack Mr. Nelson.

24. Deputy Wilson's conduct, under the color of law and in the scope of his employment as a law enforcement officer for the Lee County Sheriff's Office, deployed a police dog that severely maimed and injured Mr. Nelson.

25. The deployment was contrary to the standards and accepted practices adhered to by canine units of police departments across the country and those departures therefrom constituted an unlawful use of force that proximately caused Mr. Nelson's injuries.

26. At all material times, Deputy Wilson did not have a reasonable fear of imminent bodily harm or that any person was in danger of imminent bodily harm from Mr. Nelson.

27. Every reasonable officer would have known that using force against a compliant individual who is not resisting arrest constitutes excessive force in violation of the Fourth and Fourteenth Amendments.

WHEREFORE, Mr. Nelson demands judgment against Deputy Wilson in such sum as the jury may find appropriate to punish him for causing such harm to Mr. Nelson and to deter him and others like him from such conduct in the future; for the costs incurred by Mr. Nelson in this action; for reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and such further additional, necessary, or proper relief the Court deems appropriate.

## COUNT TWO
## 42 U.S.C § 1983
## DELIBERATE INDIFFERENCE/FAILURE TO INTERVENE AGAINST DEPUTY ELLER

28. Paragraphs 1 – 27 of this Complaint are incorporated as if fully restated herein.

29. Deputy Eller, while acting under the color of law and in the scope of his employment as a law enforcement officer for the Lee County Sheriff's Department, acted objectively unreasonable and with deliberate indifference

by failing to intervene as Mr. Nelson was brutally and unlawfully attacked by the police dog.

30. Deputy Eller had a duty to intervene on behalf of Mr. Nelson as his constitutional rights were being violated in his presence by another officer.

31. Deputy Eller knew or should have known that the force being used on Mr. Nelson was excessive and unreasonable under the circumstances.

32. Deputy Eller observed and was in a position to intervene to stop Deputy Wilson's use of constitutionally unreasonable force against Mr. Nelson.

33. Deputy Eller did not have a reasonable fear of imminent bodily harm at any relevant time during the encounter, nor did he have a reasonable belief that any other person was in danger of imminent bodily danger from Mr. Nelson at any point in time.

34. Deputy Eller's failure to intervene in Deputy Wilson's use of constitutionally unreasonable force violated Mr. Nelson's clearly established Fourth Amendment rights.

35. As a result of Deputy Eller's failure to intervene, Mr. Nelson experienced conscious pain and suffering and sustained extensive and life-altering injuries as described *supra*.

WHEREFORE, Mr. Nelson demands judgment against the Defendants for all damages, economic and non-economic, past and future, suffered as a result of Mr.

Nelson's physical confinement, bodily injury, emotional distress, mental anguish, pain and suffering, loss of the capacity for the enjoyment of life, medical treatment expenses, compensatory damages, punitive damages where applicable, nominal damages, and any and all other, further, different, general or special relief as in equity Mr. Nelson may be entitled.

Respectfully submitted on: August 13, 2024

By:

/s/ Ramon Martin
Ramon Martin (ASB-1597-X69W)

**Of Counsel**:

The Justice Law Firm, LLC
505 20th Street N.
Suite 1220 - 1157
Birmingham, AL 35203
Phone: 205-983-2017
Email: Ramon.Martin@LegalJusticeMatters.com